Veto MONTRONE, Plaintiff and Appellant,

v.

VALLEY BANK AND TRUST COMPANY, a Utah corporation, Trustee for the Anna C. Montrone Revocable Trust, Defendant and Appellee.

No. 930183–CA.

Court of Appeals of Utah.

May 6, 1994.

Veto Montrone, plaintiff and appellant pro se.

Kent B. Alderman and J. Michael Bailey, Parsons, Behl & Latimer, Salt Lake City, for defendant and appellee.

Before DAVIS, GREENWOOD and JACKSON, JJ.

## OPINION

JACKSON, Judge:

Appellant Veto Montrone appeals the lower court's summary judgment ruling that as a beneficiary of a revocable trust, he was not entitled to an accounting of the trust corpus by the trustee, appellee Valley Bank and Trust Company. We affirm.

## FACTS

In 1981, Anna Montrone transferred and assigned certain property in trust to appellee. The trust named Anna Montrone as the sole beneficiary of both the income and principal during her lifetime. In the event of her death, the trust was to be distributed to her children, grandchildren, and two charities according to the terms of the trust. Appellant was one of nine children named to share in the residuary estate, if any. The trust provided that Anna Montrone, "by an instrument in writing filed with the Trustee, may modify, alter or revoke this agreement in whole or in part, and may withdraw any property subject to this agreement." It also provided that she "may change the beneficiaries of [the] trust or alter or divest their interest by an instrument in writing filed with the Trustee."

In 1986, a building that was allegedly part of the trust burned down. There was some confusion among some of the beneficiaries as to whether the property was insured, and if so, whether the insurance proceeds were placed into the trust. This subject apparently became a source of contention and Anna Montrone advised the trustee, by written instrument, that she did not want any member of her family to receive a copy of the quarterly statements. In December 1990, according to the affidavit of trust officer Scott Burton, one of the beneficiaries "attempted to persuade Mrs. Montrone to allow Veto Montrone authority to review all trust accounts. Mrs. Montrone specifically refused to allow any inspection of trust documents or accounts."

Appellant filed a complaint and petition for accounting to determine the provisions of the fire insurance policy and to discover whether any fire insurance proceeds were deposited into the trust. Appellee filed a motion for summary judgment on the grounds that appellant lacked standing under the Utah Uniform Probate Code to compel an accounting. After a hearing, the trial court granted the motion. This appeal ensued.

## ANALYSIS

Appellant argues on appeal that he had standing to demand an accounting under section 75–7–303 of the Probate Code, which requires the trustee, upon reasonable request, to "provide the beneficiary ... with relevant information about the assets of the trust and the particulars relating to the administration." Utah Code Ann. § 75–7–303(2) (1993). Appellee argues in response that the right to demand an accounting rests only with a "current beneficiary," and that Montrone's interest is contingent upon future events. *See* Utah Code Ann. § 75–7–303(1) and (4) (1993). However, we need not decide whether Montrone is a "current beneficiary," or whether the obligation of the trustee under section 75–7–303 is limited to current beneficiaries to resolve this matter.

In the special circumstance where the settlor retains general power of appointment, including a power of revocation, the legislature has stated:

> For the purpose of granting consent or approval with regard to the acts or accounts of a ... trustee, including ... to perform other duties, ... the sole holder of a presently exercisable general power of appointment, including one in the form of a power of ... revocation, [is] deemed to act for beneficiaries to the extent their interests ... are subject to the power.

Utah Code Ann. § 75–1–108 (1993). This section is the subject of a comment by the editorial board of the Utah Code. In the comments following section 75–7–303, which defines a trustee's duty to account to beneficiaries, the editorial board stated: "Under § 75–1–108, the holder of a general power of appointment or of revocation can negate the trustee's duties to any other person." We recognize the important public policy of holding trustees accountable to beneficiaries for the administration of a trust. However, it is

also important that a trustee not unnecessarily deplete trust funds by being required to account to every contingent or remote beneficiary whose interest is subject to a power of revocation by a living settlor. This policy is at the heart of section 75–1–108.

Anna Montrone created a revocable trust and retained a general power of appointment. Further, she specifically negated the trustee's duties to account to her children as beneficiaries. Accordingly, we affirm the trial court's grant of summary judgment in favor of the trustee.

DAVIS and GREENWOOD, JJ., concur.